UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TIMOTHY LEE RANDLES, | ) |
| Plaintiff, | ) Case No. CV 16-7335 AJW |
| v. | ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) MEMORANDUM OF DECISION |
| Defendant. | ) |

Plaintiff seeks reversal of the decision of defendant, the Acting Commissioner of Social Security (the "Commissioner"), denying plaintiff's applications for supplemental security income and disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their respective contentions.

### Administrative Proceedings

The procedural facts are undisputed and are summarized in the Joint Stipulation. [See JS 2-3]. Plaintiff filed his benefits applications in February 2013 alleging that he had been disabled since May 1, 2012. An Administrative Law Judge ("ALJ") issued a decision concluding that plaintiff had been disabled since his alleged onset date. [AR 20-42]. On its own motion, the Appeals Council ("AC") reviewed the ALJ's decision. It adopted the ALJ's statement of the applicable law, the issues in the case, and the evidentiary facts, but did not adopt the ALJ's findings or conclusions regarding whether the claimant was

disabled. [AR 4]. The AC issued a decision dated July 29, 2016 concluding that the ALJ erred in finding plaintiff disabled and that the ALJ's decision was not supported by substantial evidence. [AR 4-11]. The AC determined that plaintiff retained the residual functional capacity ("RFC") to perform his past relevant work as a telephone solicitor and therefore was not disabled at any time through the date of the ALJ's decision. [See AR 4-11, 20-42]. The AC's decision stands as the Commissioner's final decision. See 20 C.F.R. §§ 404.981, 416.1481.

## Standard of Review

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

## Discussion

Plaintiff contends that the AC improperly weighed the examining and non-examining source opinions. He also contends that the AC erred in omitting the need for a cane from its RFC finding and in relying on vocational expert testimony that did not include the need for a cane.

If contradicted by that of another doctor, a treating or examining source opinion may be rejected for specific and legitimate reasons that are based on substantial evidence in the record. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); Tonapetyan v. Halter, 242 F.3d 1144, 1148-1149 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830-831 (9th Cir. 1995). The opinion of a non-examining physician normally is entitled to less deference than that of an examining and treating physician because a non-examining source does not have the opportunity to conduct an independent examination and does not

have a treatment relationship with the claimant. See Andrews v. Shalala, 53 F.3d 1035, 1040-1041 (9th Cir. 1995). A non-examining physician's conclusion, "with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician." Erickson v. Shalala, 9 F.3d 813, 818 n. 7 (9th Cir. 1993) (emphasis omitted) (quoting Pitzer v. Sullivan, 908 F.2d 502, 506 n.4 (9th Cir. 1990)).

The AC found that plaintiff had severe impairments consisting of achondroplasia (a form of dwarfism), morbid obesity, degenerative disc disease, degenerative arthritis of the cervical spine with left cervical spine radiculopathy, right lumbar spine radiculopathy, and degenerative arthritis of both the hips and the knees. [AR 10]. The AC determined that plaintiff retained the RFC to perform a range of light work, including standing and walking for only two hours in an eight-hour workday, occasionally reaching overhead, and avoiding concentrated exposure to hazards, including machinery and heights.[1] [AR 10]. In formulating plaintiff's RFC, the AC said that it "adopted" and gave "great weight" to the opinion of Dr. Kerr, a non-examining state agency physician; "significant weight" to the opinion of Dr. Bleecker, a consultative examining orthopedist; and "little weight" to the opinion of Dr. Linner, a consultative examining physician. [AR 4-11].

The AC reasoned that Dr. Kerr's opinion was entitled to great weight because it was consistent with Dr. Bleecker's subsequent consultative examining opinion. [AR 8]. That rationale fails to account for inconsistencies between Dr. Kerr's opinion, on one hand, and the opinions of one or more examining sources, including Dr. Bleecker, on the other hand.

---

[1]"Light work" involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. The full range of light work requires standing or walking, off and on, for a total of approximately six hours of an eight-hour workday. Sitting may occur intermittently during the remaining time. In addition, occasional bending from the waist is required to lift and carry objects. Unlike work at the medium level, frequent bending or stooping is not required for light work. Moreover, limitations in an individual's ability to climb, bend, kneel or crawl will not significantly erode the occupational base at either the light or medium level of exertion. See 20 C.F.R. §§ 404.1567(b), 416.967(b); Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *6-*7; SSR 83-10, 1983 WL 31251, at *5-*6; SSR 83-14, 1983 WL 31254, at *4-*5.

Dr. Kerr, for example, found no need for plaintiff to use a cane. Dr. Kerr acknowledged that the Commissioner's consultative examining physician, Dr. Linner, found that plaintiff used a cane that was not prescribed but that was "medically necessary" for "pain support while ambulating." [AR 122]. Dr. Kerr nonetheless rejected that limitation because plaintiff used the cane "for chronic pain," and because Dr. Linner reported that she observed no difference in plaintiff's ambulation without the cane. [AR 127].

Defendant contends that Dr. Kerr was justified in finding no need for a cane on that basis, but that contention lacks merit. Three consultative examining physicians opined that plaintiff had a medical need for a cane: Dr. Chaffee in December 2009[2], Dr. Linner in October 2013, and Dr. Bleecker in October 2015. [AR 367-372, 491-497, 579-583]. The consultative examining psychologist's October 2013 report also states that plaintiff used a cane. [AR 487]. Even though Dr. Linner observed that plaintiff's ambulation did not change when he walked without the cane during the examination, she endorsed his use of a cane as medically necessary for walking on uneven terrain. [AR 495]. Dr. Bleecker opined that plaintiff "requires the use of a cane for short and long distances," without any qualification as to the type of terrain, while Dr. Chaffee opined that plaintiff used a cane for pain that was both prescribed and medically necessary for walking on *all* types of terrain. [AR 371, 583]. Plaintiff testified that his cane had been prescribed by a treating nurse practitioner, that he needed it for stability due to numbness in his back and legs, and that he could walk "about 20 minutes without my cane sometimes. With my cane I can do about 25, 30." [AR 58].

The AC erred in failing to provide legally sufficient reasons for rejecting all of the examining source opinions regarding use of a cane in favor of the conflicting non-examining source opinion. However, plaintiff has not met his burden to show that the error caused prejudice, nor do "the circumstances of the case show a substantial likelihood of prejudice" that would warrant remanding this case for reconsideration. McLeod v. Astrue, 640 F.3d 881, 886-888 (9th Cir. 2011). During the hearing, the vocational expert examined plaintiff, who was represented by counsel, about the demands of his past work.[3] [AR 80-84].

---

[2] Although Dr. Chaffee examined plaintiff prior to his alleged onset date in connection with an earlier, unsuccessful benefits application, the AC cited his opinion in support of its decision. [See AR 6].

[3] Plaintiff did not complete the portions of his work history report asking him to describe the demands of his past relevant work. [See AR 269-279].

4

Plaintiff testified that he performed his past job as a telephone solicitor in a seated position, and that no significant lifting was required. [AR 81]. He also testified that he could walk for 20 minutes without a cane and 25 to 30 minutes with a cane. [AR 58]. Plaintiff's testimony demonstrates that he could perform the job of telephone solicitor as he actually performed it notwithstanding his use of a cane, so plaintiff has not shown prejudice or a substantial likelihood of prejudice due to the AC's error. See Ludwig v. Astrue, 681 F.3d 1047, 1053-1055 (9th Cir. 2012) (holding that an ALJ's error was harmless where the claimant did not show at least a "substantial likelihood of prejudice" as a result of the error).

Plaintiff also contends that the ALJ erred in rejecting Dr. Linner's examining source opinion to the extent that it was more restrictive than the AC's RFC finding. In particular, plaintiff contends that the AC erred in rejecting Dr. Linner's opinion that plaintiff could sit for four hours total in an eight-hour workday with breaks every 30 minutes and instead crediting Dr. Kerr's non-examining opinion that plaintiff could sit for six out of eight hours in a workday. [See JS 23; AR 8].

The AC did not err in weighing Dr. Linner's opinion. Although Dr. Kerr was not an examining source, the sitting and standing limitations she assessed were consistent with Dr. Bleecker's examining source opinion. [See AR 8]. See 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Dr. Bleecker's opinion, in turn, was based on his own examination and his independent clinical findings, which, as plaintiff acknowledges, can constitute substantial evidence supporting his opinion. [JS 21]. See Tonapetyan, 242 F.3d at 1149. Plaintiff argues that Dr. Linner's opinion was entitled to more weight than those of Dr. Bleecker or Dr. Kerr because Dr. Linner provided a narrative explanation for each of the specific limitations she assessed, and those doctors did not. For example, Dr. Linner said that she based her sitting limitation on plaintiff's "decreased range of motion in his lumbar spine, inability to sit comfortably during the interview today." [AR 495].

The degree of explanation provided by Dr. Linner is a relevant factor in weighing the medical opinion evidence, but it is only one of several factors that are considered. See 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). Like Dr. Linner, Dr. Bleecker included clinical observations in his report along with formal examination findings. [See, e.g., AR 580 (Dr. Bleecker's observations that plaintiff was "able to get on and off the examining chair satisfactorily" and "cannot lie down on the examining table")]. Unlike Dr.

Linner, however, Dr. Bleecker did not report that plaintiff exhibited discomfort sitting, so one of the two findings Dr. Linner relied upon was absent when Dr. Bleecker rendered his less restrictive opinion. Moreover, as a board-certified orthopedic surgeon, Dr. Bleecker was a specialist in the relevant discipline, a factor that weighs in favor of giving his functional assessment greater weight than that of Dr. Linner, who is not identified as a specialist. See 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5). [Compare AR 367-372, 491-497].

The AC pointed to other factors that tended to support Dr. Kerr's (and Dr. Bleecker's) less restrictive sitting limitation, including plaintiff's sparse treatment for back problems during the relevant period, other providers' failure to document similar difficulties with sitting, and plaintiff's relatively normal range of reported daily activities, which included household chores, performing a vigorous workout routine with his niece, and references to experiencing pain when bowling, playing basketball, and wrestling. [See AR 6–8, 124, 127, 572, 587]. See 20 C.F.R. §§ 404.1527(c)(5), 416.927(c)(5) (stating that the Commissioner "will consider any factors your or others bring to our attention, or of which we are aware, which tend to support to contradict the medical opinion"). Plaintiff argues that the AC erroneously relied on plaintiff's lack of treatment because, as noted in Dr. Linner's examination report and elsewhere in the record, he had no insurance. [JS 24 (citing AR 491, 535, 538, 545, 548, 550)]. However, the AC permissibly relied on plaintiff's treatment history because even when plaintiff actually obtained treatment, he did not present with back problems prior to March 2013. When plaintiff received intermittent treatment for complaints of back pain between that date and December 2014, abnormal findings were limited to range of motion limitations, and no diagnosis of a back disorder was made. [See AR 6, 394-402, 419-423, 442-443, 527-528, 535-536, 538, 550-551].

Plaintiff also contends that his subjective testimony corroborates Dr. Linner's more restrictive sitting limitation. [See JS 23]. The AC rejected the alleged severity of plaintiff's subjective complaints. [AR 7]. Since plaintiff has not raised or argued the issue of the sufficiency of the AC's analysis of his subjective testimony, defendant's argument that plaintiff waived the issue has merit. [JS 33]. Plaintiff cannot rely on his subjective testimony to show error in the AC's decision. See Bergfeld v. Barnhart, 361 F. Supp. 2d 1102, 1110 (D. Ariz. 2005) ("A reviewing federal court will only address the issues raised by the claimant in his appeal from the ALJ's decision.") (citing Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir. 2001)).

Accordingly, plaintiff has shown no basis for reversing the AC's decision.

## Conclusion

The Commissioner's decision is based on substantial evidence and is free of reversible legal error. Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

 7.31 , 2017

ANDREW J. WISTRICH
United States Magistrate Judge